UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SHANNON KEITH HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 16-441-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Inmate Shannon Keith Harris has filed a pro se petition for a writ of habeas corpus. [Record No. 1] Harris contends that several prior offenses should not have been used to enhance his federal sentence because they did not qualify as "drug trafficking offenses" under the United States Sentencing Guidelines and should have counted as only one prior offense. The Court now conducts an initial screening of Harris's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Harris's claims cannot be asserted in a petition under 28 U.S.C. § 2241, and because they are substantively meritless, the requested relief will be denied.

I.

On April 11, 2007, a federal jury in Galveston, Texas, found Harris guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); possessing fifty or more grams of cocaine base with intent to distribute it in violation of 21 U.S.C. § 841(a)(1);

and of conspiring to possess fifty or more grams of cocaine base with intent to distribute it in violation of 21 U.S.C. § 846. The trial court sentenced Harris on January 31, 2008, to a 120-month term of incarceration on the felon-in-possession charge and to a consecutive 60-month term of incarceration for possessing a firearm in furtherance of a drug trafficking crime.

Harris was subject to 360 months to life imprisonment for both drug trafficking convictions under the United States Sentencing Guidelines even without application of any sentencing enhancements. However, Harris had 19 prior convictions for offenses involving theft, violence, drug trafficking and robbery. Because at least two of these convictions constituted "felony drug offenses" as that term is defined in 21 U.S.C. § 802(44), Harris was subject to a mandatory life term of imprisonment under 21 U.S.C. § 841(b)(1)(A). The trial court imposed a life sentence on both drug trafficking convictions and ran them concurrently with his other terms of incarceration. *United States v. Harris*, No. 3:03-cr-14-1 (S.D. Tex. 2003).

The Fifth Circuit affirmed Harris's conviction and sentence on direct appeal. *United States v. Harris*, 566 F.3d 422 (5th Cir. 2009). In 2011, the trial court denied Harris's two motions for relief from his conviction and sentence filed under 28 U.S.C. § 2255. *Harris v. United States*, No. 3:11-cv-280 (S.D. Tex. 2011). This Court has denied Harris relief from his convictions pursuant to § 2241 twice before. *Harris v. Holland*, No. 6: 13-73-DLB (E.D. Ky. 2013); *Harris v. Holland*, No. 6: 13-223-DCR (E.D. Ky. 2013).

Harris argues in his current petition that the enhancement of his drug trafficking sentence was improper in light of *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), which according to the Sixth Circuit's recent decision in *Hill v. Masters*, 836 F. 3d 591

(6th Cir. 2016), is retroactively applicable to cases on collateral review. Harris also invokes *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), and relies on the Fifth Circuit's conclusion in *United States v. Hinkle*, 832 F.3d 569, 575-76 (5th Cir. 2016), that Texas Health & Safety Code § 481.112(a) (i.e., the statute that criminalizes delivery of a controlled substance and under which Harris was at least twice convicted) is an indivisible statute defining only a single offense. [Record No. 1 at 3-4, 6-7]

Harris separately contends that three of his prior offenses should have been treated as "related" under U.S.S.G. § 4A1.2(a)(2) and count as one for purposes of enhancement because the sentences were imposed on the same day and ordered to run concurrently with one another. *Id*. at 8-11. He further argues that his convictions for delivery of a controlled substance did not constitute "drug trafficking offenses" as defined by the United States Sentencing Guidelines because the Texas criminal statute includes an "offer to sell" as a form of delivery. [Record No. 1 at 9-10]

Finally, Harris makes a variety of additional, conclusory arguments, including that: (1) application of the 2005 amendment to U.S.S.G. § 2L1.2 would violate the Ex Post Facto Clause; (2) his Texas conviction for third-degree burglary derived from an unconstitutionally-vague statute in light of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015); and (3) his Texas conviction for possession of a controlled substance did not qualify as a "drug trafficking offense" under U.S.S.G. §§ 2L1.2 or 4B1.2. [Record No. 1 at 10-12] As explained more fully below, these arguments are predicated upon Harris's fundamental misunderstanding of both the prior state convictions used to enhance his sentence and the applicable federal provisions.

## II.

As the Court noted in addressing Harris's last petition, the current petition is subject to rejection as an abuse of the writ because his claims could and should have been asserted in a prior habeas proceeding. *McClesky v. Zant*, 499 U.S. 467, 480-84 (1991); *Schlup v. Delo*, 513 U.S. 298, 318 n. 34 (1995) ("An 'abusive petition' occurs 'where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitle[s] him to the relief he seeks.'"); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 (6th Cir. 2003). Indeed, a number of his claims were rejected by the trial court when it denied his initial § 2255 motion.

Harris's claim that several of his prior offenses were "related" under § 4A1.2(a)(2) and, therefore, should have been counted as only one prior offense is a claim of ordinary trial error that could have been asserted on direct appeal. Thus, it is not a claim he may pursue under § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.2003); *Goudelock v. Quintana*, No. 5:13-423-DCR, 2014 WL 6577946, at *1-2 (E.D. Ky. Feb. 19, 2014) (citing *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001)). The claim is also meritless because the offenses were committed on separate occasions and were punctuated by an intervening arrest. [Record No. 1-1] In short, the convictions were properly counted as separate predicates. U.S.S.G. § 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest."); *United States v. Hill*, 440 F. 3d 292, 297 (6th Cir. 2006); *United States v. Brady*, 988 F.2d 664, 670 (6th Cir. 1993) (en banc).

Harris also argues that the Texas statute under which he was convicted for third-degree burglary is unconstitutionally vague under *Johnson*. But Harris cannot challenge the validity of his underlying predicate offenses in this § 2241 proceeding as he is no longer "in custody" pursuant to those judgments. He may only do so –if at all - in a § 2254 proceeding, filed in the proper venue, after exhausting his state court remedies. 28 U.S.C. §§ 2241(a), 2254(b).

Through his references to *Descamps*, *Hill*, *Mathis*, and *Hinkle*, Harris's primary argument is that he did not qualify as a career offender under U.S.S.G. § 4B1.1(a) because his 1997 conviction for third-degree armed robbery [Record No. 1-1 at 1] did not constitute a "crime of violence" as defined in U.S.S.G. § 4B1.2(a), and because neither his conviction for first-degree delivery of a controlled substance nor his conviction for second-degree possession of a controlled substance [Record No. 1-1 at 2-3] were for "controlled substance offenses" as defined in U.S.S.G. § 4B1.2(b). [Record No. 1 at 1, 6, 8, 9-10, 11-13]

Harris may not pursue these claims in this proceeding because his challenge to his sentence (as opposed to his conviction) does not fall within the reach of the savings clause found in 28 U.S.C. § 2255(e). *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012). There is a very narrow exception to that prohibition which is available only to prisoners: (1) sentenced under the mandatory guidelines regime before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) who can point to a retroactively-applicable Supreme Court decision handed down after the denial of relief on direct appeal or under § 2255 which establishes that a previous conviction is not a predicate offense to warrant a career-offender enhancement; and (3) who are foreclosed from

raising the claim through a second or successive petition under § 2255. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Harris does not satisfy the first criterion because he was sentenced in 2008, long after *Booker* was decided. In addition, neither *Descamps* nor *Mathis* can be used to invoke the savings clause. Both decisions relate solely to the *process* by which a district court evaluates prior offenses to determine if they qualify as predicates. They did not involve interpretation of the substantive reach of a statute such that a defendant might find himself convicted of conduct that the law does not criminalize. *Bousley v. United States*, 523 U.S. 614, 620-21 (1998) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).

The petitioner's claims are also substantively without merit. The authorities cited by Harris are inapposite because his sentence was not enhanced under the career offender provision of U.S.S.G. § 4B1.1. Instead, he was sentenced to a mandatory term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) because he had previously committed two or more "felony drug offenses" as defined in 21 U.S.C. § 802(44). *Harris*, 566 F.3d at 428. Determining whether a predicate qualifies as a prior "drug trafficking offense" under § 4B1.1 may involve a complex assessment of whether the prior offense involved the manufacture, importation, distribution, or possession with intent to do one of these things within the meaning of § 4B1.2(b). *Hinkle*, 832 F. 3d at 572-73. However, assessing whether a predicate is a "felony drug offense" under 21 U.S.C. § 802(44) is quite simple: the offense must be punishable by more than one year in prison and the sentence imposed under any statute "that prohibits or restricts conduct relating to" drugs. Harris's convictions plainly satisfied both requirements: he was sentenced to six years in prison for both of his drug-related crimes. The

more complex analysis set forth in *Mathis* and implemented in *Hinkle* is simply not relevant to Harris's circumstances.

But even if *Hinkle* did apply, it would not assist Harris. Applying *Mathis*, the Fifth Circuit: (1) concluded that V.T.C.A. § 481.112(a) is an indivisible statute, hence precluding resort to the modified categorical approach; and (2) stated, without explanation, that a conviction under the statute cannot constitute a predicate offense because it criminalizes a broader range of conduct than that described in § 4B1.2(b). *Hinkle*, 832 F. 3d at 574-76. Essential to both conclusions was the fact that V.T.C.A. § 481.002(8) defines "delivery" of drugs to include an "offer to sell" them. *Id*. at 572-73. But the "offer to sell" language was added to V.T.C.A. § 481.002(8) in 1999, six years *after* Harris committed his offenses in 1993. When he committed his crimes, V.T.C.A. § 481.002(8) stated only that "'[d]elivery' or 'drug transaction' means the act of delivering." Coupled with V.T.C.A. § 481.112(a)'s prohibition against knowingly manufacturing, delivering, or possessing with intent to deliver a controlled substance, Harris's two 1993 drug offenses would have satisfied § 4B1.2(b) as well.

Harris's petition fails to establish any basis for habeas relief. Accordingly, it is hereby **ORDERED** as follows:

1. Harris's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.
2. A corresponding Judgment will be entered this date.
3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 21st day of August, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge